IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DIXIE JOHNSON,**<br><br>　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**DELTA AIRLINES et al.**<br><br>　　　　　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:14-cv-00696-DAK-PMW**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Delta Airlines's ("Defendant") motion to compel further responses to an interrogatory and a request for production of documents.[2]

Plaintiff alleges that she was injured while a passenger on one of Defendant's flights. Since that time, Plaintiff appears to have traveled extensively. Defendant contends that this travel is relevant to determining the nature and extend of Plaintiff's injuries. In relevant part, Plaintiff responded to two discovery requests as follows:

> **INTERROGATORY NO. 6:** Identify every location to which Plaintiff has traveled since the accident, along with the dates of travel.
>
> **PLAINTIFF'S ANSWER**: Traveled to Central Europe in Fall 2012 with a tour group. Mrs. Johnson lived in Vermont all of 2013.

---

[1] Docket no. 18.

[2] Docket no. 19.

**REQUEST FOR PRODUCTION NO. 10:** Produce all journals, diaries, or other personal record of news, events, activities, physical health and emotions kept by Plaintiff for the last 10 years.[3]

**PLAINTIFF'S RESPONSE**: There are no such documents to produce.[4]

Several months after Plaintiff served her responses, Defendant deposed Plaintiff and her husband. During the depositions, Defendant learned that Plaintiff and her husband "keep detailed calendars of life events, including their activities, Plaintiff's injuries and treatments, and that they have taken several or more trips since the alleged incident on the Delta flight in September 2010."[5]

Defendant's counsel conferred with Plaintiff's counsel seeking further responses and/or documents. Plaintiff's counsel provided some additional information, but Defendant contends it still has not received adequate responses and/or documents relating to interrogatory no. 6 or request no. 10. Accordingly, Defendant brought the current motion to compel. Plaintiff did not oppose or otherwise respond to the motion.

Rule 26(b)(1) states:

> The scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

---

[3] *Id.*

[4] *Id.*

[5] *Id.* at 3.

The discovery sought here appears clearly "relevant to [a] party's claim or defense and proportional to the needs of the case" under the liberal discovery standards. Fed. R. Civ. P. 26(b)(1). Of course, the court cannot compel the production of documents that do not exist.

Based on the foregoing, Defendant's motion to compel[6] is **GRANTED**. Within fourteen (14) days of the date of this order, Defendant is ordered (1) to serve complete, amended responses to both discovery requests; and (2) to produce all documents responsive to request no. 10, to the extent that the documents exist. Plaintiff does not have to produce documents that she has already produced. The court declines to impose sanctions at this time.

**IT IS SO ORDERED**.

DATED this 19th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] Docket no. 19.